UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

PHILIP L. DAUGHERTY,

    Movant

v.                                      CIVIL ACTION NO. 2:05-00371
                                         (Criminal No. 2:99-00208)

UNITED STATES OF AMERICA,

    Respondent

ORDER

Pending is movant's motion to correct sentence, filed July 28, 2003, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, seeking to correct his sentence of 92 months imprisonment imposed on March 24, 2000. In support, movant maintains the criminal history points used to determine his sentence were improperly calculated.

On January 20, 2005, movant filed a letter-form motion requesting that the court construe his motion to correct sentence pursuant to Rule 35(a) as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. By order entered April 28, 2005, the United States Magistrate Judge granted the motion and directed the Clerk to open this civil action. Pursuant to

1

the provisions of 28 U.S.C. § 636(b)(1)(B) the court received the proposed findings and recommendation of the magistrate judge, filed on May 13, 2005, wherein it is quite appropriately proposed that the court find that movant's section 2255 motion is untimely under the Anti-Terrorism and Effective Death Penalty Act and further recommends that the motion be dismissed with prejudice.

By motion dated May 24, 2005, and filed June 3, 2005, movant requests an enlargement of time in which to file objections to the proposed findings and recommendation. More specifically, movant asks that the time in which to file objections "commence within 10 days, plus three for mailing, <u>after</u> the [c]ourt considers [m]ovant's motion to amend and brief in support thereof, which [m]ovant will enter forth with [sic]." (Mov.'s May 24, 2005, Mot., Docket Entry 108, at 1)(emphasis in original).

By motion dated May 25, 2005, but also filed June 3, 2005, movant requests that he be permitted to withdraw his Rule 35(a)/section 2255 motion and that the court strike the pleadings in this civil action. In this motion, movant concedes that "neither the motion under Rule 35(a) nor the motion under Section 2255 could stand [sic, withstand] summary dismissal on procedural grounds." (Mov.'s May 25, 2005, Mot., Docket Entry 109, at

2

1)(emphasis in original). Movant also notes that "[h]e will then attempt to file a new motion under 28 U.S.C. Section 2255, paragraph 6(3) by pleading the retroactivity of United States v. Booker, 125 S.Ct. 738 (2005)," and further states that the forthcoming motion concerns "a claim which is meritorious on its face and easily proven regarding the criminal history points he erroneous [sic] received." (Id. at 2.)

Since the filing of these two motions, no additional motions or pleadings have been filed. Also, an electronic search of cases pending in this district indicates that movant has not instituted a new action; however, subsequent to the filing of his motion to withdraw, movant has written two letters to the Clerk inquiring as to the status of his Rule 35(a)/section 2255 motion. In the letters movant, among other things, emphasizes the merit of his section 2255 claim.

Movant's actions are somewhat puzzling, but it is clear that he has failed to (1) file objections to the proposed findings and recommendation, (2) file any type of amended section 2255 motion, or (3) institute a new action reasserting his section 2255 claim. In his most recent motion, filed June 3, 2005, movant has requested that he be permitted to withdraw his Rule 35(a)/section 2255 motion. The court denies the request to

3

withdraw and the request to extend the time for filing objections on the ground of futility. It is quite plain that, as the magistrate judge found, and as the movant seems to acknowledge, his Rule 35(a)/section 2255 motion is untimely. It should, therefore, be dismissed.

Moreover, even if the merits were reached, movant has no claim. His sole contention is that he ought to have been treated under the sentencing guidelines as though he fell into Criminal History Category III rather than IV where the court found he belonged. More specifically, movant contends he improperly received four criminal history points: (1) two points for committing an offense while on probation, and (2) two additional points for two "non-felony offenses." (Mov.'s Rule 35(a) Mot. at 3.)

Movant is mistaken on both grounds. Movant asserts that the probationary period expired before he committed the offense, and thus maintains he should not have received two additional criminal history points for committing an offense while on probation. This assertion simply does not withstand factual scrutiny. As the presentence report indicates and movant concedes in his original Rule 35(a) motion, movant's probationary period did not expire until September 21, 1999; however, he was

4

charged in Count I of the indictment, to which he would plead guilty, with engaging in a conspiracy "[f]rom at least August 1999 to October 5, 1999." Indeed, movant acknowledged at the plea hearing held December 14, 1999, that on a number of occasions from "at least a month" prior to October 5, 1999, he entered into transactions whereby he would provide money to Levi Phillips who would use the money to purchase crack cocaine, which Phillips then furnished to the movant; all of which constituted part of the conspiracy offense. (Transcript of December 14, 1999, Plea Hearing at pgs. 50-52.) Accordingly, it is clear that movant was on probation when the offense occurred. With the inclusion of these two criminal history points for committing an offense while on probation, movant would have received seven criminal history points, thereby placing him in Criminal History Category IV.[1]

It is, accordingly, ORDERED that the movant's Rule 35(a)/section 2255 motion be, and it hereby is, denied.

---

[1] Inasmuch as movant, having accumulated seven criminal history points, was correctly placed in Criminal History Category IV, the court need not further address the additional two criminal history points, but does note that those points were also properly included in the calculation.

The Clerk is directed to forward copies of this written order to the movant, all counsel of record, and the United States Magistrate Judge.

DATED: June 28, 2006

_____
John T. Copenhaver, Jr.
United States District Judge